UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GLORIA YOCUM,<br><br>Plaintiff,<br><br>v.<br><br>RENTAL SOLUTIONS, LLC; SCALLEY READING BATES HANSEN & RASMUSSEN, P.C.; and DOES 1 through 5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [6] DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00577-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendants Rental Solutions, LLC ("Rental Solutions"), Scalley Reading Bates Hansen & Rasmussen, P.C. ("Scalley Reading"), and Does 1 through 5's (collectively, "Defendants") Motion to Dismiss Plaintiff Gloria Yocum's ("Ms. Yocum") Complaint.[1] For the reasons below, the court denies Defendants' motion.

## BACKGROUND

This dispute involves a tenant, a landlord, and a debt collector hired by the landlord.[2] Rental Solutions, the landlord, claims Ms. Yocum owes $4,413.00 for repairs to the residential rental property from what it alleges is unreasonable wear and tear.[3] Ms. Yocum had paid a $2,100.00 security deposit as part of her lease agreement with Rental Solutions.[4] When she

---

[1] Defs.' Mot. to Dismiss Compl. ("Mot."), ECF No. 6, filed October 24, 2025.
[2] Compl. 2–6, ECF No. 2, filed July 17, 2025. The Does parties are alleged employees or authorized agents of Scalley Reading. *See id.* ¶¶ 9–10, 15.
[3] *Id.* ¶ 22
[4] *Id.* ¶ 23.

vacated the premises, the two parties agreed that $849.00 would be deducted from her deposit for "repairs in excess of reasonable wear and tear."[5]

However, Rental Solutions sought to collect $4,413.00 from Ms. Yocum through Scalley Reading, a debt collector.[6] Scalley Reading notified her of the amount Rental Solutions believed she owed with a letter and three emails.[7] None of the correspondence contained the required statutory language under the Federal Debt Collection Practices Act ("FDCPA").[8]

Ms. Yocum filed her Complaint, seeking relief under the Fair Debt Collection Practices Act ("FDCPA"), the Utah Consumer Sales Practices Act, and the Utah Communications Fraud Act.[9] Ms. Yocum alleges, in relevant part, that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") when they attempted to collect $4,413.00 without notifying her that they were attempting to collect a debt, that any information obtained would be used for that purpose, and that she had dispute rights.[10]

## STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] A complaint that falls short of this standard may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks enough facts to state a claim

---

[5] *Id.*; Mot. 2.
[6] Compl. ¶¶ 6–7; Mot. 2.
[7] Compl. ¶¶ 17–20.
[8] *Id.* ¶¶ 17–20; *see* 15 U.S.C. §§ 1692(e)(11), 1692(g)(a).
[9] Compl. ¶¶ 32–56.
[10] *Id.* ¶¶ 17–20.
[11] Fed. R. Civ. P. 8(a)(2).

to relief that is plausible on its face."[12] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[13]

However, a "complaint cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'"[14] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] "When analyzing plausibility, plaintiff's allegations are 'read in the context of the entire complaint' and a plaintiff need only 'nudge' their claim 'across the line from conceivable to plausible.'"[16]

## DISCUSSION

Defendants argue the court should dismiss Ms. Yocum's case because the FDCPA does not apply to a debt based on negligence and without the FDCPA claims, the court lacks subject matter jurisdiction over the remaining, state-law claims.[17] In response, Ms. Yocum contends all the elements for an FDCPA claim are met because the debt stems from the lease agreement.[18] The court first considers the FDCPA claims and then turns to its jurisdiction over the state-law claims.

---

[12] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).
[13] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[14] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[16] *Greer*, 83 F.4th at 1292 (quoting *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022)) (also quoting *Twombly*, 550 U.S. at 570) (cleaned up).
[17] Mot. 4–5.
[18] Pl.'s Opp'n to Mot. to Dismiss ("Opp'n") 4–8, ECF No. 12, filed Dec. 1, 2025.

### I.     The FDCPA Claims

"To prevail on a FDCPA claim, a plaintiff must prove four elements: (1) the plaintiff is a 'consumer' under *id.* § 1692a(3); (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under *id.* § 1692a(6); and (4) through its acts or omissions, the defendant violated the FDCPA."[19] Here, the parties dispute only the second element—whether Ms. Yocum's obligation to Rental Solutions meets the statutory definition of a "debt" under the FDCPA.[20]

The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[21]

Defendants argue Ms. Yocum's alleged obligation is not a debt under the FDCPA because it stems from the tort of negligence.[22] For support, they rely on *Hawthorne v. Mac Adjustment, Inc.*, an Eleventh Circuit case from 1998 involving an auto insurance company's efforts to collect what it paid in damages from the plaintiff whose negligence allegedly caused the accident.[23] The court held the obligation does not constitute a debt under the FDCPA because it "does not arise out of a consumer transaction; it arises from a tort."[24] Although Defendants focus on the second half of that holding, the court's reasoning demonstrates the importance of the first half. The court noted that "no contract, business, or consensual arrangement between

---

[19] *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022).
[20] Mot. 5–8; Compl. ¶¶ 4–15.
[21] 15 U.S.C. § 1692a(5).
[22] Mot. 4–5.
[23] *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1369 (11th Cir. 1998).
[24] *Id.* at 1371.

Hawthorne *and* the damaged party, its insurer, or Mac Adjustment exists."[25] Then the court reasoned that, "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation."[26] Thus, the court found dispositive the lack of a contractual relationship between the parties.

Here, in contrast, a consensual, consumer transaction between Ms. Yocum and Rental Solutions exists. Ms. Yocum was a residential tenant of Rental Solutions and the alleged obligation stems from the lease agreement between the two parties. Thus, *Hawthorne* is factually inapposite.[27]

The Tenth Circuit has not had occasion to decide whether a fee for wear and tear that goes beyond what the lease agreement describes as reasonable fits within the scope of the FDCPA. But the Tenth Circuit has held that a condominium association's assessment fee qualifies as a 'debt' within the meaning of the FDCPA.[28] In *Ladick v. Van Gemert*, the court rejected the defendant's argument that the fee was "more like a tax than a debt" and did not qualify as a debt because "the obligation to pay the assessment must arise from a specific transaction or agreement with the condominium association."[29] Instead, the court held that "the obligation to pay a condominium assessment arises in connection with the purchase of the condominium itself."[30] It reasoned that the plaintiff "became obligated upon purchasing his

---

[25] *Id.* (emphasis in original).
[26] *Id.* at 1371.
[27] Of course, none of the non-Tenth Circuit cases cited by the parties, including *Hawthorne*, would bind the court even if they were apposite.
[28] *Ladick v. Van Gemert*, 146 F.3d 1205, 1205 (10th Cir. 1998).
[29] *Id.* at 1206.
[30] *Id.* (citing *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997). *See also Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) (rejecting a narrow definition of what constitutes a debt under the FDCPA and holding that it applies to "consensual transactions, where parties negotiate or contract for consumer-related goods or services").

condominium unit to pay any assessments pursuant to the governing documents of his association" and the applicable state statute.[31]

Likewise, the obligation here "arises in connection with" the lease agreement between Ms. Yocum and Rental Solutions. When Ms. Yocum entered into the lease agreement, she became obligated to pay for fees associated with her wear and tear on the property. Furthermore, the reasonability of a tenant's wear and tear on a residential property hinges on what the lease agreement contemplates, making a fee for wear and tear a "subject of the transaction."[32] And although Defendants are correct that "this lawsuit is not about collecting lease payments," it is about collecting an obligation that "arises in connection" with the lease agreement and under *Ladick*, that suffices to constitute a debt within the meaning of the FDCPA.[33]

Defendants also argue Ms. Yocum's obligation should be considered "waste" and ask the court to "rule that the tort of waste is not a 'debt' arising from a consumer transaction."[34] In response, Ms. Yocum points out she never pleaded "negligence or tortious waste claims" in her Complaint.[35] As the Supreme Court recently reiterated, "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about her suit."[36] This control includes "which substantive claims to bring against which defendants," and "in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction."[37] In a case involving a similar

---

[31] *Id.* at 1206.
[32] 15 U.S.C. § 1692a(5).
[33] *Ladick,* 146 F.3d at 1206; Mot. 7.
[34] Mot. 7.
[35] Opp'n 3.
[36] *Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22, 52 (2025).
[37] *Id. See also Margheim v. Buljko*, 855 F.3d 1077, 1087 (10th Cir. 2017) (citing *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (stating it is for "Mr. Margheim, as the plaintiff, to pursue the theory of liability he deems best, and it is not for Ms. Buljko to decide which case serves as the basis for his claim.").

question of whether an obligation constituted a debt under the FDCPA, this court decided the obligation was a debt for FDCPA purposes, in part, based on how the underlying complaint described the obligation.[38]

Here, Ms. Yocum's Complaint plausibly establishes a basis for FDCPA violations by placing the transaction between the parties front and center. She alleges that "[t]he lease between [Ms. Yocum] and Rental Solutions specifically provides that she will not be liable [for] reasonable wear and tear to the premises."[39] The Complaint further alleges that Rental Solutions demanded "$4,413.00 for repairs to the premises" and that the demand was made "after the Plaintiff had agreed that $849.00 could be deducted from her $2,100.00 security deposit for repairs in excess of reasonable wear and tear."[40] Defendants concede that the lease agreement "provides that Ms. Yocum is liable for damaging the house beyond reasonable wear and tear."[41] As a result, the Complaint plausibly pleads the lease agreement as the underlying basis for the alleged obligation.

Given the current procedural posture of the case, the court "must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[42] In other words, because this case is at the motion-to-dismiss stage, Ms. Yocum's claim need only meet "facial plausibility" by pleading "factual content that allows the court to draw reasonable inference that

---

[38] *Smith v. L. Offices of Kirk A. Cullimore*, LLC, No. 2:12-CV-001066-RJS, 2014 WL 2462541, at * 3–4 (D. Utah June 2, 2014) (concluding that because the debt collector's complaint stated it was seeking "unpaid assessment, together with additional assessments and late fees," and the court in that underlying case "relied on that representation," it could not now state the money it sought to collect was only fines).
[39] Compl. ¶ 21.
[40] *Id.* ¶¶ 22–23.
[41] Mot. at 8.
[42] *McNellis*, 116 F.4th at 1131 (cleaned up).

the defendant is liable for the misconduct alleged."[43] Under this standard, the court finds Ms. Yocum has plausibly pled FDCPA allegations sufficient to survive a motion to dismiss.

## II. Supplemental Jurisdiction

Defendants argue that the court should decline to exercise supplemental jurisdiction over Ms. Yocum's state-law claims if it dismisses the FDCPA claims.[44] A district court has supplemental jurisdiction over state law claims that are part of the same case and controversy as a claim over which it has original jurisdiction.[45] However, a court has the discretion not to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction."[46] But as the court has not dismissed Ms. Yocum's FDCPA claim, over which it has federal question jurisdiction under 28 U.S.C. § 1331, the court retains supplemental jurisdiction over the remaining state-law claims.

## ORDER

Accordingly, the court DENIES Defendants' Motion to Dismiss.[47]

---

[43] *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 186 (10th Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678).
[44] Mot. 8–9.
[45] *See* 28 U.S.C. § 1367(a).
[46] *Id.* § 1367 (c)(3).
[47] ECF No. 6.

Signed March 11, 2026.

BY THE COURT

_____
David Barlow
United States District Judge